LAW OFFICES OF JOHN L. BURRIS
JOHN L. BURRIS, ESQ. (SBN# 69888)
7767 Oakport St., Suite 1120
Oakland, Ca.  94621
Email: John.Burris@johnburrislaw.com
Phone: (510) 839-5200

LAW OFFICES OF STEVEN R. YOURKE
STEVEN R. YOURKE, ESQ. (SBN#118506)
7767 Oakport St., Suite 1120
Oakland, Ca.  94621
Email: steven.yourke@johnburrislaw.com
Phone: (510) 839-5200

Attorneys for Plaintiff
KIMBERLY MADKINS,
Guardian ad litem for M.A.

IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KIMBERLY MADKINS, as guardian ad litem for M.A., a minor,<br><br>    Plaintiff,<br><br>        Vs.<br><br>CITY OF STOCKTON, a Municipal Corporation; Chief of Police BLAIR ULRING, in his official capacity; Police Officers JOHN SNYDER, BEN CROMWELL and ROBERT  DU BOIS, in their individual and official capacities; and Does 1 through 20, inclusive,<br><br>    Defendants.<br>_____/ | CASE NO.:<br><br>COMPLAINT FOR DAMAGES FOR VIOLATION OF CIVIL RIGHTS<br>(42 U.S.C. Section 1983)<br><br>**JURY TRIAL  DEMANDED** |

1

## INTRODUCTION

1. This action arises from the beating inflicted on M. A., a minor, by several Stockton police officers on or about December 26, 2008 in Stockton, California.

## JURISDICTION

2. Plaintiff sues for violation of civil rights pursuant to 42 U.S.C. sections 1983. This court has jurisdiction over this action pursuant to 28 U.S.C. 1331.

## VENUE

3. The police assault which is the subject of this action occurred in Stockton, California and so the proper venue for this action is the Eastern District of California in Sacramento.

## DEMAND FOR JURY TRIAL

4. Plaintiff demands a jury trial.

## IDENTIFICATION OF PARTIES

5. Plaintiff M.A. is a minor, an African American youth, aged 16 years, and he is represented in this action by his mother and guardian ad litem, KIMBERLY MADKINS, with whom he resides in Stockton, California.

6. Defendant CITY OF STOCKTON is and was at all relevant times a municipal corporation within the State of California.

7. Defendant BLAIR ULRING was at all relevant times the Chief of Police of the Stockton Police Department and he is sued in his official capacity.

8. Defendants JOHN SNYDER, BEN CROMWELL and ROBERT DU BOIS are and were at all relevant times, police officers employed with the Stockton Police Department and they are sued both individually and in their official capacities.

9. Plaintiff does not know the true identities of those defendants sued herein as Does 1 through 20 and therefore sues them by such fictitious names. Plaintiff believes that each of these Doe defendants was responsible in some manner for the injuries complained of herein and Plaintiff shall amend this complaint to substitute the true names of such defendants when they become known to him.

## COLOR OF LAW

10. All defendants acted under color of law in committing the acts complained of herein.

## VICARIOUS LIABILITY

11. All individual defendants to this action committed the acts and omissions complained of herein while acting within the scope and capacity of their employment as police officials employed by defendant CITY OF STOCKTON.

## PUNITIVE DAMAGES

12. The acts and omissions of defendants and each of them as complained of herein were willful, malicious, reckless and entitle Plaintiff to an award of punitive damages against all individual defendants.

## STATEMENT OF FACTS

13. On or about December 28, 2008, at around 9:00 p.m., A.M. decided to go to the movies at the Century Theatre located in downtown Stockton. He was accompanied by his girlfriend and two other young women. While trying to decide what movie to see, the foursome went to a nearby ice cream parlor and bought some ice cream. Coming out of the ice cream parlor, they noticed what appeared to be an altercation on the street nearby involving about 20 persons. It may have been a gang fight. There were whites, blacks and Hispanics involved. Several Stockton police officers arrived on the scene and broke up the disturbance. A.M. and his

3

friends walked back to the theatre and as they did so, they were passed on the street by several young men and women who may have been involved in the earlier altercation. A man dressed in plain clothes, later identified as defendant police officer SNYDER, approached A.M. and his friends and ordered them to "get out of the road". The man did not indicate that he was a police officer and was not perceived as such by A.M. or his friends. A.M. replied that he was not in the street and then continued to walk away. Then, someone nearby, an unknown male, yelled "Fuck the pigs!", whereupon Officer SNYDER started harassing A.M. verbally. SNYDER then radioed for back-up. SNYDER then grabbed A.M. and, joined by several other officers, proceeded to beat A.M. with their fists and one used a club. A.M. fell to the ground and the police jumped on him and beat him while yelling "stop resisting arrest" although A.M. was not offering any resistance at all. SNYDER had his arm around A.M.'s neck in a chokehold. Some of the officers called A.M. a "nigger" and admonished him to "stop crying" and to "grow up" and "don't be a baby". A.M. was then handcuffed and thrown up against a nearby police car, bruising the right side of his head. The police threw A.M. into a patrol car and continued to call him a "nigger". The driver of the car drove up to A.M.'s girlfriend and told her "This nigger is going to jail!", referring to A.M.. Police took A.M. to jail and then to San Joaquin General Hospital where he was medically cleared, whereupon he was taken to the Juvenile Detention Center. At about 3:00 a.m. the next day, he was released to the custody of his mother.

**STATEMENT OF INJURIES**

**14.** Defendants and each of them proximately caused Plaintiff to suffer severe and lasting emotional distress and psychiatric injury, pain and suffering, various abrasions and contusions and deprivation of liberty for several hours.

4

## FIRST CAUSE OF ACTION

**Violation of Right to be Free From Unreasonable Seizure
Fourth and Fourteenth Amendments, United States Constitution**

15. Plaintiff hereby incorporates by reference all allegations set forth in paragraphs 1 through 14, above, as though fully set forth below.

16. The defendant police officers and each of them arrested Plaintiff without probable cause in violation of his right to be free from unreasonable seizure protected under the Fourth and Fourteenth Amendments, United States Constitution.

17. Defendants and each of them used unreasonable force in arresting Plaintiff, thereby violating Plaintiff's right to be free from unreasonable seizure protected by the Fourth and Fourteenth Amendments, United States Constitution and causing Plaintiff injury as set forth below.

WHEREFORE Plaintiff sues for relief as set forth below:

## SECOND CAUSE OF ACTION

**Against defendant CITY OF STOCKTON
Monell Claim - Failure to Train, Supervise and Discipline Police**

18. Plaintiff hereby incorporates by reference as if fully set forth herein all allegations contained in paragraphs 1 through 17, above.

19. At all relevant times, the CITY OF STOCKTON and Police Chief ULRING were under a legal duty to members of the public, including Plaintiff, to adequately train, supervise and discipline their police officers in order to avoid injury to members of the public who come in contact with their officers.

20. Said Defendants were deliberately indifferent to their duty to adequately train, supervise and discipline their officers deputies and thereby proximately caused injury to Plaintiff as complained of herein.

WHEREFORE Plaintiff sues for relief as set forth below:

### THIRD CAUSE OF ACTION

### Assault & Battery

21. Plaintiff hereby incorporates by reference as if fully set forth herein all allegations contained in paragraphs 1 through 20, above.

22. Defendant police officers SNYDER, CROMWELL and DU BOIS and Does 1 through 20 assaulted and battered Plaintiff, causing him injury as set forth above.

WHEREFORE Plaintiff sues for relief as set forth below:

### FOURTH CAUSE OF ACTION

### Intentional Infliction of Emotional Distress

23. Plaintiff hereby incorporates by reference as if fully set forth herein all allegations contained in paragraphs 1 through 22, above.

24. Defendants SNYDER, CROMWELL and DU BOIS and Does 1 through 20 intentionally inflicted emotional distress on Plaintiff, causing him to suffer severe and lasting emotional distress and psychological injury as set forth above.

WHEREFORE Plaintiff sues for relief as set forth below:

### FIFTH CAUSE OF ACTION

### Violation of Civil Rights: California Constitution

25. Plaintiff hereby incorporates by reference as if fully set forth herein all allegations contained in paragraphs 1 through 24, above.

26. Defendants and each of them violated Plaintiffs civil rights protected by the California Constitution, Article I, and actionable by suit for damages under California Civil Code sections 51.7, 52. and 52.1.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff sues for relief as follows:

1. For compensatory damages in the amount of $2,000,000.00.

2. For special damages according to proof at trial.

3. For punitive damages according to proof at trial.

4. For attorney fees allowable under law;

5. For all other relief that this court may award in the interest of justice.

Dated: November 11, 2009                    LAW OFFICES OF JOHN L. BURRIS


                                            /s/ John L. Burris_____
                                            John L. Burris, Esq.
                                            Attorney for Plaintiff
                                            A.M., by his guardian ad litem
                                            KIMBERLY MADKINS