```
RICHARD E. NOSKY, JR., City Attorney
State Bar No. 130726
SHELLEY L. GREEN, Assistant City Attorney
State Bar No. 161521
LORI ASUNCION, Deputy City Attorney
State Bar No. 238240_
425 N. El Dorado Street, Second Floor
Stockton, California 95202
Telephone: (209) 937-8333
Facsimile: (209) 937-8898

Attorneys for Defendants
```

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KIMBERLY MADKINS, as guardian ad litem for M.A., a minor,<br><br>　　　　Plaintiffs,<br><br>vs.<br><br>CITY OF STOCKTON, a Municipal Corporation; BLAIR ULRING, in His official capacity; Police Officers JOHN SNYDER, BEN CROMWELL, and ROBETT DU BOIS, In their individual and Official capacities, and DOES 1 through 20, inclusive,<br><br>　　　　Defendants. | CASE NO. 1:09-CV-01999-OWW-DLB<br><br>**DEFENDANTS CITY OF STOCKTON, BLAIR ULRING, JOHN SNYDER, BEN CROMWELL, AND ROBERT DU BOIS' ANSWER TO PLAINTIFFS' COMPLAINT FOR DAMAGES FOR VIOLATIONS OF CIVIL RIGHTS**<br><br>**[DEMAND FOR JURY TRIAL]** |

　　　COMES NOW Defendants CITY OF STOCKTON (hereinafter "City"), BLAIR ULRING (hereinafter "Ulring"), JOHN SNYDER (hereinafter "Snyder"), BEN CROMWELL (hereinafter "Cromwell"), and ROBERT DU BOIS (hereinafter "Du Bois") (hereinafter collectively referred to as "Defendants") and in answer to the Complaint for Damages for Violation of Civil Rights of Plaintiff (hereinafter "Plaintiff") admit, deny, and allege as follows:

///

///

## INTRODUCTION

1.   Defendants deny each and every allegation contained in paragraph 1.

## JURISDICTION

2.   Defendants admit the allegations contained in paragraph 2.

## VENUE

3.   Defendants deny that there was a police assault but admit venue is proper as alleged in paragraph 3.

## DEMAND FOR JURY TRIAL

4.   Defendants request a jury trial in this matter.

## IDENTIFICATION OF PARTIES

5.   Defendants lack knowledge or information sufficient to admit or deny the allegations contained in paragraph 5, and, on that ground, deny each allegation contained in that paragraph.

6.   Defendants admit the allegations contained in paragraph 6.

7.   Defendant Ulring admits he was the Assistant Chief of Police for City on December 26, 2008.

8.   Defendants Snyder, Cromwell and Du Bois admit that they are and were police officers employed by City on December 26, 2008.

9.   Defendants lack information sufficient to admit or deny the allegations contained in paragraph 9, and, on that ground, deny each and every allegation contained in paragraph 9.

## COLOR OF LAW

10.   Defendants Ulring, Snyder, Cromwell, and Du Bois deny each and every allegation contained in paragraph 10.

**VICARIOUS LIABILITY**

11.  Defendants Ulring, Snyder, Cromwell, and Du Bois admit they were acting within the scope and capacity of their employment.  Defendants Ulring, Snyder, Cromwell, and Du Bois deny they committed any acts and/or omissions that violated plaintiff's civil rights.

**PUNITIVE DAMAGES**

12.  Defendants deny each and every allegation contained in paragraph 12.

**STATEMENT OF FACTS**

13. Defendants admit that on December 26, 2008, at approximately 9:30 p.m., there was a call of a large group of juveniles fighting in the area of the City Center Cinema. Defendants admit Snyder observed Plaintiff M.A. and several juveniles blocking traffic on El Dorado Street while crossing against a red pedestrian light.  Defendants deny Snyder was not identifiable as a police officer as he was on a police bike and was wearing a badge and police jacket. Defendants admit Plaintiff M.A. threatened Snyder after ignoring lawful orders. Defendants admit Snyder called for backup after Plaintiff M.A. failed to comply with the officer's orders and threatened Synder. Defendants admit Plaintiff M.A. tried to punch Snyder in the face, fought with the defendant officers, and violently resisted arrest.   Defendants  admit  Cromwell  used  his  baton  on Plaintiff M.A. but deny using any force that was unreasonable. Defendants deny Plaintiff M.A. was beaten, jumped on, or placed in a choke hold.  Defendants deny Plaintiff M.A. was thrown against a police car and/or that Plaintiff M.A. bruised his head.

1  Defendants admit Plaintiff M.A. was handcuffed. Defendants deny
2  using any derogatory language and/or racial epithets towards
3  Plaintiff M.A. Defendants deny they harassed Plaintiff M.A.
4  Defendants admit Plaintiff M.A. was taken to the police
5  department and then to San Joaquin General where he was medically
6  cleared to be booked at Peterson Hall. Defendants lack
7  sufficient knowledge or information with which to admit or deny
8  the remaining allegations contained in paragraph 13.

## STATEMENT OF INJURIES

10  14. Defendants deny each and every allegation contained in
11  paragraph 14.

## FIRST CAUSE OF ACTION

**Violation of Right to be Free from Unreasonable Seizure
Fourth and Fourteenth Amendments, United States Constitution**

15  15. Defendants' answers to the preceding paragraphs above
16  are hereby incorporated by reference.
17  16. Defendants deny each and every allegation contained in
18  paragraph 16.
19  17. Defendants deny each and every allegation contained in
20  paragraph 17.
21      WHEREFORE, PLAINTIFF SHOULD RECOVER NOTHING.

## SECOND CAUSE OF ACTION

**Against defendant CITY OF STOCKTON
Monell Claim – Failure to Train, Supervise and Discipline Police**

25  18. Defendants' answers to the preceding paragraphs above
26  are hereby incorporated by reference.
27  19. Defendant City denies it had a "legal duty" but admits
28  it has a responsibility to comply with the remaining allegations

contained in paragraph 19.

20. Defendants deny each and every allegation contained in paragraph 20.

WHEREFORE, PLAINTIFF SHOULD RECOVER NOTHING.

### THIRD CAUSE OF ACTION

### Assault & Battery

21. Defendants' answers to the preceding paragraphs above are hereby incorporated by reference.

22. Defendants deny each and every allegation contained in paragraph 22.

WHEREFORE, PLAINTIFF SHOULD RECOVER NOTHING.

### FOURTH CAUSE OF ACTION

### Intentional Infliction of Emotional Distress

23. Defendants' answers to the preceding paragraphs above are hereby incorporated by reference.

24. Defendants deny each and every allegation contained in paragraph 24.

WHEREFORE, PLAINTIFF SHOULD RECOVER NOTHING.

### FIFTH CAUSE OF ACTION

### Violation of Civil Rights; California Constitution

25. Defendants' answers to the preceding paragraphs above are hereby incorporated by reference.

26. Defendants deny each and every allegation contained in paragraph 26.

WHEREFORE, PLAINTIFF SHOULD RECOVER NOTHING.

### PRAYER

As to the First Cause of Action, Second Cause of Action, Third Cause of Action, Fourth Cause of Action, and Fifth Cause of

1 Action, Defendants deny each and every request and allegation
2 contained in those paragraphs.

### JURY TRIAL DEMAND

Defendants request a jury trial in this matter.

### AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The Complaint on file herein fails to state facts sufficient to constitute a cause of action against these answering defendants or any of them.

### SECOND AFFIRMATIVE DEFENSE

All events in connection with the incident alleged in the plaintiff's Complaint and any resulting injuries or damages therefrom were contributed to and proximately caused by the negligence of the plaintiff, in that the plaintiff failed to exercise ordinary care for his own safety under the circumstances, thereby barring the plaintiff from any recovery.

### THIRD AFFIRMATIVE DEFENSE

The plaintiff, through the exercise of reasonable effort, could have mitigated his amount of damages, if any there were, but plaintiff has failed and refused, and continues to fail and refuse, to exercise a reasonable effort in seeking to mitigate damages.

### FOURTH AFFIRMATIVE DEFENSE

These answering defendants and each of them acted in good faith and did not directly or indirectly perform any acts whatsoever which would constitute a violation of any state or federal right possessed by the plaintiff.

///

DEFENDANTS' ANSWER TO PLAINTIFFS' COMPLAINT FOR DAMAGES, ETC. [DEMAND FOR JURY TRIAL]

### FIFTH AFFIRMATIVE DEFENSE

These answering defendants and each of them acted in good faith and did not directly or indirectly perform any acts whatsoever which would constitute a breach of any duty owed to the plaintiff.

### SIXTH AFFIRMATIVE DEFENSE

These answering defendants and each of them are not liable for any punitive damages in that these answering defendants have never taken any action with a willful or conscious disregard of the plaintiff's rights, have not engaged in any despicable conduct with respect to the plaintiff, nor have any of these answering defendants performed or omitted any act which would constitute intentional misrepresentation, deceit, or concealment of a material fact with the intention of depriving the plaintiff of property, legal rights, or causing injury.

### SEVENTH AFFIRMATIVE DEFENSE

At all times relevant to this litigation, the acts or omissions of these answering defendants or any of them were done while exercising due care in the execution or enforcement of a law thereby precluding the plaintiff from any recovery from these answering defendants or any of them.

### EIGHTH AFFIRMATIVE DEFENSE

At all times relevant to this litigation, the plaintiff consented, either expressly or impliedly, to any such acts or conduct as may be shown on the part of these answering defendants or any of them.

### NINTH AFFIRMATIVE DEFENSE

The acts and/or omission of third person(s) and/or

1  entity(ies), negligent or otherwise, proximately caused or
2  contributed to the loss and/or damage, if any, plaintiff
3  sustained or may sustain.  Therefore, any liability should be
4  reduced in proportion to the fault of third person(s) and/or
5  entity(ies), including without limitation any non-economic losses
6  or injuries caused by such third person(s) and/or entity(ies).

**TENTH AFFIRMATIVE DEFENSE**

8       At no time relevant to this litigation did the plaintiff
9  sustain any violation of his civil rights pursuant to a
10 governmental habit, custom, or practice thereby precluding the
11 plaintiff from maintaining his causes of action for violations of
12 his civil rights pursuant to respondeat superior.

**ELEVENTH AFFIRMATIVE DEFENSE**

14      At all times relevant to this litigation, these answering
15 defendants and each of them acted in good faith and with probable
16 cause and entertained an honest, reasonable belief that these
17 answering defendants' actions were reasonable and necessary
18 thereby precluding the plaintiff from maintaining any causes of
19 action for violation of his civil rights.

**TWELFTH AFFIRMATIVE DEFENSE**

21      At all times relevant to this litigation, these answering
22 defendants and each of them acted in good faith and with probable
23 cause, with the honest, reasonable belief that such actions were
24 reasonable and necessary, and at no time did any of these
25 answering defendants know or should any of these answering
26 defendants have known that the action taken within the sphere of
27 these answering defendants' official responsibility would violate
28 the constitutional rights of the plaintiff, and the plaintiff is

8

thereby precluded from maintaining his causes of action for violation of his civil rights.

### THIRTEENTH AFFIRMATIVE DEFENSE

At all times relevant to this litigation, the individually-named officers were duly qualified, appointed peace officers acting within the course and scope of their employment.

### FOURTEENTH AFFIRMATIVE DEFENSE

A public employee is not liable for injury caused by his instituting or prosecuting any judicial or administrative proceeding within the scope of his employment, even if he acts maliciously and without probable cause.  (Gov. Code, § 821.6.)

### FIFTEENTH AFFIRMATIVE DEFENSE

At no time relevant to this litigation did these answering defendants or any of them violate any statute or enactment designed or intended to protect the plaintiff against the harm for which the plaintiff seeks damages nor was any statute or enactment specified by the plaintiff in his Complaint designed to create a civil cause of action for persons in the plaintiff's position.

### SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrine of qualified immunity, including without limitation, the discretionary functions engaged in by these answering defendants or any of them.

### SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrine of absolute immunity based on the judicial and/or quasi-judicial functions of these answering defendants or any of them, including without

limitation the fact that all relevant conduct was judicially directed, approved, and/or ratified.

### EIGHTEENTH AFFIRMATIVE DEFENSE

These answering defendants and each of them are immune from liability under Government Code section 820.2.

### NINETEENTH AFFIRMATIVE DEFENSE

All of these answering defendants' actions towards plaintiff were conducted with due care in the execution or enforcement of laws.

### TWENTIETH AFFIRMATIVE DEFENSE

These answering defendants and each of them are not liable for any injuries caused by the act or omission of another person pursuant to Government Code section 820.8.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

These answering defendants and each of them are immune from liability for any injuries or damages caused by any negligent or intentional misrepresentations.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

These answering defendants and each of them reserve for a later date, subsequent motion, and/or trial any and all affirmative defenses or immunities of the California Tort Claims Act or otherwise that are available or which, by passage of time, the discovery process, or otherwise, become applicable to the present factual situation or otherwise become ripe.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

These answering defendants and each of them allege and claim all rights, defenses, and immunities granted by virtue of California Government Code sections 810 through 996.6, inclusive,

and any other immunities, rights, and defenses provided by law, and the rights, defenses, and immunities granted by such Government Code sections shall not be limited or diminished by the other Government Code sections previously asserted as affirmative defenses.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

These answering defendants and each of them are entitled to recover reasonable expenses, including attorney's fees, from the plaintiff and his counsel in that the plaintiff's Complaint on file herein is frivolous and was brought and maintained in bad faith and without reasonable cause, is totally and completely without merit, and was brought for the sole purpose of harassing these answering defendants and each of them. (Gov. Code, §§ 128.5 and 1021.7.)

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

These answering defendants and each of them are entitled to recover reasonable expenses, including attorney's fees, from the plaintiff and his counsel in that they, at the time the Complaint herein was filed and during its maintenance and to the extent that it includes causes of action filed under the California Tort Claims Act, did not have a good faith belief that there was a justifiable controversy under the facts and law which warranted the filing of the Complaint, and therefore, the Complaint was filed and maintained in bad faith and without reasonable cause. (Code Civ. Proc., § 1038.)

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state a cause of action due to the fact that plaintiff lacks standing.

**TWENTY-SEVENTH AFFIRMATIVE DEFENSE**

Plaintiff's Complaint fails to establish that these answering defendants' alleged conduct violated a cognizable interest under 42 U.S.C. § 1983.

WHEREFORE, Defendants pray for judgment as follows:

1. That plaintiff take nothing in this action and his Complaint be dismissed with prejudice;

2. For costs of suit allowed by law;

3. For attorney's fees allowed by law; and

4. For such other relief as the Court deems proper.

Dated: December 14, 2009
RICHARD E. NOSKY, JR.
CITY ATTORNEY

BY /s/ *Shelley L. Green*
SHELLEY L. GREEN
ASSISTANT CITY ATTORNEY

Attorneys for Defendants

DEFENDANTS' ANSWER TO PLAINTIFFS' COMPLAINT FOR DAMAGES, ETC. [DEMAND FOR JURY TRIAL]