RICHARD E. NOSKY, JR., City Attorney
State Bar No. 130726
LORI ASUNCION, Deputy City Attorney
State Bar No. 238240
425 N. El Dorado Street, Second Floor
Stockton, California 95202
Telephone: (209) 937-8333
Facsimile: (209) 937-8898

Attorneys for Defendants

JOHN L. BURRIS
State Bar No. 69888
STEVEN R. YOURKE
State Bar No. 118506
7767 Oakport Street, Suite 1120
Oakland, California 94621
Telephone: (510) 839-5200

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

KIMBERLY MADKINS, as guardian ad litem for M.A., a minor,

Plaintiffs,

vs.

CITY OF STOCKTON, a Municipal Corporation; BLAIR ULRING, in His official capacity; Police Officers JOHN SNYDER, BEN CROMWELL, and ROBETT DU BOIS, In their individual and Official capacities, and DOES 1 through 20, inclusive,

Defendants.

CASE NO. 2:09-CV-03461-MCE-EFB

**JOINT STATUS REPORT**

Plaintiff KIMBERLY MADKINS, as guardian ad litem for M.A., a minor (hereinafter “Plaintiff”), and Defendants CITY OF STOCKTON, BLAIR ULRING, JOHN SNYDER, BEN CROMWELL, and ROBERT DU BOIS (hereinafter “City Defendants”) hereby submit their Joint Status Report pursuant to the Court’s Order Requiring Joint Status

Report:

**(a) Name of the Party Counsel Represents:**

Lori M. Asuncion City Defendants

Steven R. Yourke Plaintiff Madkins

**(b) Summary of the Facts:**

Plaintiff's summary of facts: Plaintiff M.A. was 16 years of age at the time of incident. He was going to a movie with his girlfriend in Stockton when he was assaulted by police for no apparent reason, beaten with clubs, called a "nigger" repeatedly, and falsely arrested in Stockton. The incident started when a plain-clothes officer on a bicycle order Plaintiff to "get out of the road". Plaintiff replied that he was not in the road, not realizing that he was being addressed by a police officer. Then, someone nearby yelled "Fuck the pigs!" and an officer attacked Plaintiff who had nothing to do with the person who yelled at the police. Police beat M.A. with fists and clubs, one jumped on him when he was on the ground, and racial slurs were used against him several times. Plaintiff was released to the custody of his mother at around 3:00 a.m. Plaintiff has suffered severe emotional distress and his whole personality and outlook on life has been affected by this disgusting incident.

Plaintiff sues for violation of civil rights (4th Amendment) and related state law claims.

City Defendants' summary of facts: Officer Snyder, while assigned to Stockton Police Department's bicycle unit, dressed in full uniform and riding a marked police bicycle, arrived to assist with a large group of juveniles involved in a fight. As Officer Snyder approached, he observed several juveniles crossing

the street on a stale, red-hand traffic signal blocking northbound traffic and yelled for the juveniles to get out of the roadway. One of the juveniles (M.A.) stopped and cursed at him telling the officer “You better turn that fucking bike around and get the fuck up out of my face,” and other similar statements and continued back into the roadway.

Officer Snyder ordered M.A. back to the sidewalk when M.A. suddenly turned with his fist clenched and swung at the officer. As Officer Snyder struggled with M.A., Officers Dubois and Cromwell arrived to provide assistance, and M.A. was handcuffed, placed under arrest, processed, and released to his mother’s custody in accordance with policy and procedure.

**(c) Service of Process:**

All parties have been served with the summons and complaint and have filed their answer.

**(d) Possible Joinder of Additional Parties:**

The parties do not expect to join additional parties.

**(e) Amendment of Pleadings:**

The parties are unaware of any amendment to the pleadings at this time.

**(f) Jurisdiction and Venue:**

Title 42 U.S.C. § 1983 and Title 28 U.S.C. § 1331. The parties agree that jurisdiction and venue are proper in the Eastern District.

**(g) Motions:**

At this time, City Defendants do not anticipate filing any motions but reserve the right to do so.

///

**(h) Discovery and the Scheduling Thereof:**

At this time, the parties anticipate propounding interrogatories, requests for production of documents, and requests for admissions; and taking the deposition of Plaintiff Madkins, M.A., a minor, the defendants, persons most knowledgeable, as well as any witnesses. The parties do not anticipate the need for a special discovery order other than a discovery schedule.

**(i) Future Proceedings/Discovery and Law and Motion Cut-off Dates/Trial:**

The Parties suggest the following schedule:

| | |
|---|---|
| Discovery cut-off | January 31, 2011 |
| Last day to hear law and motion | March 31, 2011 |
| Expert Exchange | March 31, 2011 |
| Pretrial Conference | April 29, 2011 |
| Trial | May 31, 2011 |

**(j) Special Procedures:**

The parties have no objection to the matter being assigned to a magistrate.

**(k) Trial by Jury:**

Plaintiff Madkins and City Defendants have requested a jury trial.

**(l) Estimate of Trial Time:**

Ten (10) days.

**(m) Modification of Standard Pretrial Procedures:**

None.

///

///

**(n) Relation to Any Other Case:**

The parties are unaware of any related cases pending at the present time.

**(o) Stipulation to Trial Judge Acting as Settlement Judge:**

The parties prefer to have any future scheduled settlement conference held before a judge other than the trial judge.

**(p) Voluntary Dispute Resolution Program:**

Counsel for City Defendants prefers to conduct some discovery before considering participating in a possible arbitration or mediation.

**(q) Other Matters:**

The parties are unaware of any other matters at this time.

Dated: January 27, 2010

LAW OFFICE OF JOHN BURRIS

BY *_/s/ Steven R. Yourke_*
STEVEN R. YOURKE
JOHN L.BURRIS
Attorneys for Plaintiff

Dated: January 26, 2010

RICHARD E. NOSKY, JR.
CITY ATTORNEY

BY *_/s/ Lori M. Asuncion_*
LORI M. ASUNCION
DEPUTY CITY ATTORNEY

Attorneys for City Defendants