IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

KIMBERLY MADKINS, as guardian
ad litem for M.A., a minor,

       Plaintiff,                  No. CIV S-09-3461 EFB

  vs.

CITY OF STOCKTON, a municipal
corporation; BLAIR ULRING, in his
official capacity; Police Officers
JOHN SNYDER, BEN CROMWELL,
and ROBERT DU BOIS, in their
individual and official capacities, and
DOES 1 through 20, inclusive,

                              ORDER AND
       Defendants.             ORDER TO SHOW CAUSE
_____/

This action is before the undersigned pursuant to the consent of the parties. *See* 28 U.S.C. § 636(c); E.D. Cal. L.R. 305; Dckt. Nos. 13. On November 30, 2011, the case was before the undersigned for a final pretrial conference.[1] Attorney Neal Lutterman appeared on behalf of defendants; no appearance was made on behalf of plaintiff.

---

[1] The final pretrial conference was scheduled to occur on October 26, 2011. However, because the parties failed to timely file a joint pretrial statement, on October 17, 2011, the undersigned continued the conference to November 30, 2011 and ordered the parties to show cause why sanctions should not be imposed for their failure. Dckt. No. 25. As indicated at the November 30, 2011, that order to show cause has not yet been discharged.

1

1    Although plaintiff's counsel called chambers at 10:04 a.m. on the date of the hearing
2 (after the scheduled 10:00 a.m. hearing time) to request to appear at the final pretrial conference
3 by telephone, that request was denied.[2]  The status (pretrial scheduling) order, which was issued
4 in this case on July 8, 2010 cautions counsel "that counsel appearing for pretrial will in fact try
5 the matter" and that "[c]ounsel for all parties are to be fully prepared for trial at the time of the
6 pretrial conference, with no matters remaining to be accomplished except production of
7 witnesses for oral testimony."  Dckt. No. 19 at 4.  The order further provides that "[c]ounsel are
8 referred to Local Rules 281 and 282 relating to pretrial statements and conferences" and that "A
9 FAILURE TO COMPLY WITH LOCAL RULES 281 AND 282 WILL BE GROUNDS FOR
10 SANCTIONS."  *Id.*  Additionally, the order reminds counsel that "pursuant to Federal Rule of
11 Civil Procedure 16, it will be their duty at the pretrial conference to aid the court in (a)
12 formulation and simplification of issues and the elimination of meritless claims or defenses; (b)
13 settling of facts which should be properly admitted; and (c) avoidance of unnecessary proof and
14 cumulative evidence," and that a failure to participate in good faith at the pretrial conference
15 with those aims in mind may result in the imposition of sanctions.  *Id.* at 6.

16    Accordingly, plaintiff will be ordered to show cause why plaintiff and/or plaintiff's
17 counsel should not be sanctioned for failure to appear at the November 30, 2011 final pretrial
18 conference.[3]  *See* E.D. Cal. L.R. 110 ("Failure of counsel or of a party to comply with these
19 Rules or with any order of the Court may be grounds for imposition by the Court of any and all
20 sanctions authorized by statute or Rule or within the inherent power of the Court."); *Ghazali v.*
21 *Moran*, 46 F.3d 52, 53 (9th Cir. 1995) ("Failure to follow a district court's local rules is a proper

---

[2] Plaintiff's counsel indicated that his staff was supposed to file a request for a telephonic appearance prior to the scheduled hearing date.  However, no such request was ever filed.  As the Pretrial Conference effectively functions as the first day of trial, even if such a request had been filed, the court would not have approved a telephonic appearance.

[3] Defendants' counsel was directed at the November 30, 2011 final pretrial conference to submit a declaration regarding the costs and/or fees incurred as a result of appearing at that conference.

ground for dismissal."). Additionally, as a result of plaintiff's failure to appear, the final pretrial conference will be continued to January 25, 2012 and the current trial date will be vacated.[4] A new trial date will be set at the January 25, 2012 final pretrial conference. Further, because it is apparent that the parties' November 16, 2011 joint pretrial statement is incomplete,[5] the parties will be directed to file a revised joint pretrial statement.

Finally, it appears from the docket that the petition and proposed order for Kimberly Madkins to be appointed as the guardian ad litem for M.A., a minor, Dckt. No. 8, which was initially filed on December 7, 2009, was never actually signed. Rather, on December 8, 2009, the then-assigned district judge issued a minute order directing petitioner's counsel to submit a Word or Word Perfect version of the proposed order. Dckt. No. 9. However, a signed version of the petition does not appear on the docket. Because the court finds that the appointment of Kimberly Madkins as the guardian ad litem for M.A. was proper under Federal Rule of Civil Procedure 17(c) and because the parties have operated since that time under the assumption that the petition was approved, the petition will be granted nunc pro tunc to the date it was originally filed (December 7, 2009). *See* Fed. R. Civ. P. 17(c)(1) ("The following representatives may sue or defend on behalf of a minor ir incompetent person: (A) a general guardian; (B) a committee; (c) a conservator; or (d) a like fiduciary."); Fed. R. Civ. P. 17(c)(2) ("A minor who does not have a duly appointed representative may sue by a next friend or by a guardian ad litem. The court must appoint a guardian ad litem – or issue another appropriate order – to protect a minor . . . who is unrepresented in the action."); *see also* E.D. Cal. L.R. 202(a) ("Upon commencement of an action or upon initial appearance in defense of an action by or on behalf of a minor or incompetent person, the attorney representing the minor or incompetent person shall present

---

[4] Although the court indicated at the November 30, 2011 hearing that the trial would be continued to February 6, 2012, because it appears that the parties will not be prepared for trial by that date, a new trial date will be set at the January 25, 2012 final pretrial conference.

[5] Among other issues, the joint pretrial statement does not indicate whether plaintiff intends to introduce any witnesses or exhibits at trial.

(1) appropriate evidence of the appointment of a representative for the minor or incompetent person under state law or (2) a motion for the appointment of a guardian ad litem by the Court.").

Accordingly, IT IS HEREBY ORDERED that:

1. On or before January 11, 2012, plaintiff counsel shall show cause, in writing, why plaintiff and/or plaintiff's counsel should not be sanctioned for failure to appear at the November 30, 2011 final pretrial conference.

2. Also on or before January 11, 2012, defendants' counsel may submit a declaration regarding the costs and/or fees incurred as a result of appearing at the November 30, 2011 final pretrial conference.

3. The final pretrial conference is continued to January 25, 2012 at 10:00 a.m. in Courtroom No. 24.

4. On or before January 11, 2012, the parties shall file a revised joint pretrial statement in conformance with Local Rule 281(b), as well as the status (pretrial scheduling) order issued in this action, Dckt. No. 19.

5. The current trial commencement date of January 24, 2012 is vacated. A new trial date will be set at the January 25, 2012 final pretrial conference.

6. The petition and proposed order for Kimberly Madkins to be appointed as the guardian ad litem for M.A., a minor, Dckt. No. 8, is granted nunc pro tunc to the date it was originally filed (December 7, 2009).

7. Failure to comply with this order may result in the imposition of sanctions, including dismissal for lack of prosecution and/or for failure to comply with this court's orders and Local Rules. *See* Fed. R. Civ. P. 41(b).

SO ORDERED.

DATED: December 1, 2011.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE